Filed 10/28/15  P. v. Ford CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C077721 |
| Plaintiff and Respondent, | (Super. Ct. Nos. NCR87147, NCR88743, NCR90533, NCR90759) |
| v. | |
| JUSTIN FRED FORD, | |
| Defendant and Appellant. | |

Defendant Justin Fred Ford entered into a plea bargain, pleading guilty to second degree burglary, failure to appear, and taking a motor vehicle without the owner's consent.  (Pen. Code, §§ 459, 1320, subd. (b); Veh. Code, § 10851, subd. (a).)[1]  Defendant also agreed to a felony drug court referral.  Subsequently, the Tehama County Health Services Agency (Agency) determined that defendant did not meet the criteria for the program.  The trial court ultimately sentenced defendant to seven years' incarceration.

---

[1]  All further statutory references are to the Penal Code unless otherwise designated.

1

Defendant appeals, contending his plea bargain was violated when he was found ineligible for the drug court program and he should be allowed to withdraw his plea. Defendant also argues counsel performed ineffectively. We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2014 four separate informations were filed against defendant.

### The Charges

The information filed in case No. NCR87147 alleged three counts of commercial burglary, one count of elder theft, and misdemeanor access card fraud. (§§ 459, 368, subd. (d), 484g, subd. (b).) The parties stipulated the factual basis for the charges is contained in the sheriff's department report. The report states that defendant made eight transactions on a friend's ATM card without permission.

The information filed in case No. NCR88743 alleged failure to appear. (§ 1320, subd. (b).) The information further alleged defendant committed the crime while free on bail within the meaning of section 12022.1.

The information filed in case No. NCR90533 also alleged one count of failure to appear. (§ 1320, subd. (b).) The information again alleged the underlying crime had been committed while defendant was free on bail within the meaning of section 12022.1.

Finally, the information filed in case No. NCR90759 alleged defendant had unlawfully taken or driven a motor vehicle without the owner's consent in violation of Vehicle Code section 10851, subdivision (a). The parties stipulated the charge was based on the California Highway Patrol report that states defendant was allowed to drive a friend's vehicle but failed to return it as agreed.

### The Plea Bargain

As part of a plea bargain arrangement, defendant entered the following guilty pleas: (1) in case No. NCR87147, a plea of guilty to one count of second degree burglary; (2) in case No. NCR88743, a plea of guilty to failure to appear; (3) in case No. NCR90533, a plea of guilty to failure to appear; and (4) in case No. NCR90759, a

2

plea of guilty to taking a motor vehicle without the owner's consent. Defendant also admitted the special allegation in case No. NCR88743.

The parties further agreed to a felony drug court referral and stipulated to seven years' incarceration to be served pursuant to section 1170, subdivision (h). The agreement states that defendant "may not withdraw [his] plea if found ineligible/unsuitable for drug court" and stipulated the seven-year sentence would be "suspended."

**Subsequent Events**

A month later, the Agency determined that, because of defendant's plans to move out of Tehama County, defendant did not meet the suitability criteria for the adult felon drug court program.

The court sentenced defendant to seven years under section 1170, subdivision (h): (1) three years as the upper term for the offense of failure to appear; (2) three consecutive eight-month terms for the burglary, the auto theft, and the second failure to appear charges; and (3) two years, to be served consecutively, for the section 12022.1 enhancement. Defendant and defense counsel orally consented to the sentence. Defendant filed timely notices of appeal.

## DISCUSSION

Defendant argues the court, in sentencing him to seven years, violated the plea bargain "when the [Agency's] County Drug Court team denied Mr. Ford's entrance into the program based on a false premise that he was not planning on living in Tehama County to attend the program, and apparently, there was a residency requirement." According to defendant, he did not realize when entering the plea agreement that listing an out-of-county address as an alternative address would foreclose his ability to obtain the bargained-for drug court. Therefore, there was not a meeting of the minds sufficient to form a contract, which the plea bargain represents.

3

**Background**

The plea form states: "Adult Felony Drug Court Referral. Stipulate to 7 years incarceration suspended to be served as per [section] 1170[, subdivision] (h)(5)(B) [of the Penal Code]. Defendant may not withdraw plea if found ineligible/unsuitable for drug court." The minute order for the change of plea hearing merely refers to the terms of a referral to the drug court, with no indication that any particular conditions are required for eligibility.

The record reveals the following discussion between the court and defense counsel regarding the plea agreement:

"[Defense Counsel]: It's an Adult Felony Drug Court referral. So if it goes out, we're going to get whatever the Court decides to give for the Adult Felony Drug Court.

"The Court: If he gets it.

"[Defense Counsel]: If he gets it.

"The Court: But if he doesn't, he gets, what, probation and up to seven years and seven years suspended no matter what?

"[Defense Counsel]: Correct.

"The Court: All right. Sir, other than that, has anyone made any threats or promises to you?

"The Defendant: No, sir.

"The Court: You realize the max is seven years on the felonies, and it could be, technically, another year between the two misdemeanors added?

"The Defendant: Yes, sir.

"The Court: And you understand, sir, there's no guarantees that you'll be in Adult Felon Drug Court?

"The Defendant: Yes."

The Agency assessed defendant as ineligible because of his expressed plans to move out of Tehama County; he did not meet the suitability criteria for the drug court

4

program.  Subsequently, the probation report noted "[t]he drug court team assessed the defendant and determined he was ineligible and unsuitable for the program due to his statement in his interview that he intended to move to Shasta County when he is released from jail."  As defendant notes, the probation report indicates he mentioned several potential places to live after his release, including one in Tehama County and one in Shasta County.  However, defendant told the Agency's drug program administrators that "he intended to move to Shasta County."

At the sentencing hearing, the trial court stated:  "All right.  And the court has read and considered the [adult felon drug court] assessment along with the [probation] report that was combined for all six cases, four felonies, two misdemeanors.

"Mr. Miller [defense counsel], go ahead.

"[Defense Counsel]:  This is a stipulated agreement to seven years in local county.

"The Court:  Seven years had been suspended previously, correct?

"[Defense Counsel]:  Yes.

"The Court:  Or is that the total?

"[Defense Counsel]:  That is the total.

"The Court:  All right.

"[Defense Counsel]:  We're prepared to submit on that.

"The Court:  Mr. Alvey [the prosecutor], submitted?

"[Prosecutor]:  Submit it."  The court then sentenced defendant to a seven-year term.  There were no objections, nor did defendant claim the plea agreement had been breached.

**Discussion**

Defendant contends the drug court's determination that he was ineligible for the program violated the plea agreement and he is now entitled to withdraw his plea as not knowingly made.  According to defendant, he "did not understand the necessary

5

conditions of the plea bargain that he entered into, or he would have never provided an out of county residence as an alternate possibility."

A plea bargain agreement, as a form of contract, is subject to the same rules of construction as other contracts. (*People v. Kim* (2011) 193 Cal.App.4th 1355, 1360.) As defendant points out, a meeting of the minds is essential to the formation of a valid contract. (*In re First Capital Life Ins. Co.* (1995) 34 Cal.App.4th 1283, 1288.) Defendant asserts no such meeting of the minds occurred in the present case.

However, despite defendant's protestations to the contrary, the plea bargain in the present case was not violated by the Agency's finding that he was ineligible for the program. When defendant entered into the plea agreement, he was informed that there were no guarantees that the Agency would find him eligible for the program. Under the agreement, if defendant was deemed ineligible, he would not be able to withdraw his plea. The Agency determined defendant's intention to move outside the county would prevent proper supervision and found him ineligible to participate. This decision did not violate the plea bargain.

In a related claim, defendant argues he received ineffective assistance of counsel. According to defendant, had defense counsel performed effectively, defendant would have known the requirements of the drug court program and would not have listed an out-of-county residence. In addition, defense counsel failed to argue at sentencing that the plea agreement had been violated.

To establish ineffective assistance of counsel, defendant must show counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing norms, and the deficient performance prejudiced defendant. (*People v. Ledesma* (1987) 43 Cal.3d 171, 216-217.) We accord trial counsel's tactical decisions substantial deference and do not second-guess counsel's reasonable tactical decisions. (*People v. Maldonado* (2009) 172 Cal.App.4th 89, 97.)

6

We will not reverse on appeal if the record does not affirmatively show why counsel failed to object and the circumstances suggest counsel had a valid tactical reason for not objecting. If the record sheds no light on why counsel acted or failed to act, we affirm unless there could be no satisfactory explanation for the act or omission. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

The record provides no information as to what advice, if any, defense counsel provided defendant vis-à-vis the drug court program requirements. We cannot find counsel ineffective based on speculation. As to defense counsel's failure to argue the plea bargain was violated, we have found no such violation occurred. Accordingly, we find no ineffective assistance of counsel.

## DISPOSITION

The judgment is affirmed.


                                        RAYE            , P. J.



We concur:



        MAURO            , J.



        DUARTE           , J.

7